IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CEASAR M. BURRIS, JR., #B-80496, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 15-cv-01179-SMY ) |
| STEVEN J. FRIERDICH, ERIC L. WALTER, and TIMOTHY FISK, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

This matter comes before the Court for case management purposes. On October 22, 2015, the present case was severed from another of Plaintiff's cases, which was then pending in this District. *See Burris v. Justus*, Case No. 14-cv-990-JPG-PMF, Doc. 42. In the severance order, Plaintiff was advised that he had 35 days to dismiss the severed case (the present action) if he did not wish to incur an additional filing fee. *Id*. In addition, the judge assigned to that case ordered Plaintiff to show cause on or before November 13, 2015 why the remainder of that case, *Burris v. Justus*, should not be dismissed for failure to prosecute. *Id*. The judge noted that Plaintiff had failed to keep the Court apprised of his current mailing address as required by Local Rule 3.1(b) and a previous order of the Court; the judge warned Plaintiff that the Court would construe a failure to respond as an admission that Plaintiff no longer wished to pursue his case and dismiss the remaining claims in that case.

The October 22, 2015 order was returned to the Court by the postal service with handwritten markings indicating Plaintiff had been released from prison and instructing that his

1

mail be forwarded to a different address. The new address was provided by Vienna Correctional Center, not Plaintiff. Nonetheless, the Clerk of Court was directed to send a copy of the October 22, 2015 order to the address provided by the prison and the show cause deadline was extended to November 30, 2015. *See Burris v. Justus*, Case No. 14-cv-990-JPG-PMF, Doc. 45. This time the mail was not returned; however, Plaintiff never responded to the show cause order and, thus, on December 8, 2015, that case was dismissed for lack of prosecution. *See id.* at Doc. 46.

The deadline for notifying this Court whether Plaintiff wished to proceed on the present severed claims was November 28, 2015. Plaintiff had been warned in his companion case that failure to respond would be construed as an admission that Plaintiff no longer wished to pursue his claims in that case. Moreover, Plaintiff was previously advised of his obligation to inform the Clerk of Court of any change in address within 7 days after a transfer or other change in address occurred. Plaintiff has made no effort to prosecute either action nor has he provided the Clerk of Court with a current mailing address. As such, the Court **DISMISSES without prejudice** the present action for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket, *see In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995). The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 11, 2015**

s/ STACI M. YANDLE
United States District Judge